"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA JAIME,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No. CV 07-2652 AN<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

   This is the third case Plaintiff has brought in connection with her 1992 claim for disability insurance benefits. *See* Case Nos. CV 00-3163 AN ("*Jaime* I"); CV 02-8232 ("*Jaime* II"). The parties are familiar with background facts and the lengthy history of the underlying case so the Court will only discuss the facts that are pertinent to the Court's analysis. Plaintiff raises two disputed issues in the Joint Stipulation ("JS"). The Court now rules as follows with respect to the two disputed issues in the JS.[1]

///

///

///

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

**Disputed Issue #1**

Plaintiff contends, a reversal is warranted because, in violation of the Court's remand orders in *Jaime* I and II, the ALJ once again failed to give specific and legitimate reasons for discounting the opinion of Roy Benedetti, M.D., an orthopedic surgeon who treated Plaintiff for about one month and reported his findings and opinion in a medical report dated October 24, 1992. (AR 146-49.)

Dr. Benedetti reported the objective medical evidence showed Plaintiff had certain spinal and cervical impairments. (AR 147.) His examination also revealed Plaintiff manifested "diffuse paraspinous muscle tenderness of the cervical spine, but range of motion of the neck is unrestricted." Likewise, although Dr. Benedetti reported that Plaintiff manifested "diffuse paraspinous muscle tenderness at the lumbosacral junction," his examination revealed no muscle spasm or limitation of range of motion[,]" "no signs of lumbar radiculopathy and her neurological examination of the lower extremities is intact." (AR 147.) Dr. Benedetti's report also establishes that Plaintiff subjectively complained that she had a constant moderate pain in her neck, back, and both shoulders that radiated to her arms and hands and increased with overhead reaching, however, Dr. Benedetti further reported that a CT scan of the cervical spine did not reveal any evidence of disc herniation or nerve root impingement, an MRI of the lumbar spine only revealed some mild degenerative disc disease at L4-5 and L5-S1 and some mild lumbar stenosis at the L4-5 level, and that a neurological consultation that took place about two weeks earlier "revealed no abnormalities." Dr. Benedetti's report shows treatment was limited to physical therapy and Motrin. Nonetheless, Dr. Benedetti opined Plaintiff "has a cervical spine disability and should be prophylactically precluded from very heavy lifting and from repetitive gripping, power grasping, torquing, and work above the shoulder level[;]" he also opined that Plaintiff "should be prophylactically precluded from heavy lifting" due to a lumbar spine disability. (AR 148). The remands in *Jaime* I and II were, in part, based upon the ALJ's failure to consider and give any proper reasons for rejecting Dr. Benedetti's foregoing opinion about Plaintiff's prophylactic work restrictions.

1    Unlike the ALJ's prior decisions that were the subject of review in *Jaime* I and II,
2 the ALJ's third decision dated September 18, 2006, establishes the ALJ adequately
3 considered and discussed Dr. Benedetti's foregoing opinion and, more importantly, that
4 he gave specific and legitimate reasons for rejecting it based upon the conflicting "well-
5 supported opinion" expressed by William Temple, M.D., an orthopedist who testified as
6 a medical expert at the third hearing. (AR 643-46.)   Dr. Temple testified that he
7 examined Plaintiff's entire medical record, which included Dr. Benedetti's 1992 report
8 and foregoing opinion.  Dr. Temple initially found Plaintiff was restricted to light work
9 because of her age, not her impairments, and that he ultimately opined that Plaintiff's
10 relevant impairments only consisted of mild arthritis of the cervical and lumbar spine that
11 did not prevent Plaintiff from performing medium or heavy work.  Significantly, Dr.
12 Temple carefully and thoroughly explained why he disagreed with Dr. Benedetti's
13 foregoing opinion, and the gravamen of Dr. Temple's testimony established that he
14 disagreed because Dr. Benedetti's opinion was not supported by objective medical
15 evidence, such as muscle spasm, and because it was based solely upon the Plaintiff's
16 subjective complaints. (AR 704-715.)   The ALJ's third decision accurately summarizes
17 the gist of Dr. Temple's testimony regarding Dr. Benedetti's opinion. (AR 643-44.)

18    Further, as discussed above, Dr. Benedetti's 1992 report shows that, while he
19 found Plaintiff has certain cervical and lumbar spinal impairments -- the nature of which
20 is not in dispute -- the CT scan, MRI, and neurological examination did not support
21 Plaintiff's subjective complaints regarding the severity of her neck, back, and shoulder
22 pain.  An ALJ may reject the opinion of any physician, including a treating physician,
23 that is brief, conclusory, and inadequately supported by clinical findings. *Thomas v.*
24 *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Further, an ALJ may also reject a treating
25 physician's opinion where, as here, it is principally based upon a claimant's subjective
26 complaints or symptoms rather than objective findings. *Fair v. Bowen*, 885 F.2d 597,
27 605 (9th Cir. 1989).

28

Page 3

In addition to Dr. Temple's opinion, the ALJ's third decision also shows he discounted Dr. Benedetti's opinion because the record showed Plaintiff never complained about any hand restrictions, and because it conflicted with the opinions expressed by Dr. Beardmore (a medical expert who testified in 2002), an internist. (AR 644.)  In light of the above, the ALJ concluded Plaintiff's impairments only caused her to suffer mild arthritis that restricted her to no less than the full range of heavy or medium work; and that her limitations did not prevent her from performing her past relevant work as a garment inspector and button hole/button sewing machine operator.[2/]   Based upon the foregoing, the Court finds the ALJ did give specific and legitimate reasons that are supported by substantial evidence in the record for rejecting Dr. Benedetti's opinion in his third decision.

## Disputed Issue #2

Plaintiff principally asserts that a reversal is warranted because the hypothetical question posed to the Vocational Expert did not incorporate the limitations expressed by Drs. Benedetti and Carr.  The Court finds Plaintiff's contentions with respect to this second disputed issue lack merit for the reasons set forth in the Commissioner's opposing contentions (JS at 28-31), which are not refuted by Plaintiff's reply contentions. (JS at 31-33.)

## Conclusion

IT IS THEREFORE ORDERED that judgment be entered affirming the Commissioner's final decision, and dismissing this action with prejudice.

DATED: June 3, 2008         /s/    ARTHUR NAKAZATO
                                   ARTHUR NAKAZATO
                            UNITED STATES MAGISTRATE JUDGE

---

[2/] The ALJ properly found Plaintiff's "failure to appear or provide other evidence with respect to her past relevant work lessens her credibility."  (AR 646.)